**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF COLBERN COX STUART, III, BAR NO. 6513.

No. 63964

**FILED**

SEP 26 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



## ORDER GRANTING PETITION

This is a petition under SCR 114 for reciprocal discipline of attorney Colbern C. Stuart, III, based on discipline imposed upon him in California. Stuart did not self-report his California discipline as required by SCR 114(1), nor did he respond to this petition. *See* SCR 114(3).

Stuart, an attorney admitted to practice law in Nevada and California, has been suspended in Nevada since August 2003 based on his failure to pay bar dues. *See* SCR 98(9)-(12). In December 2012, the Office of Bar Counsel received notice from the State Bar of California that Stuart had been disbarred in California based on his conviction for 15 counts of harassment by telephone and 2 counts of repeated harassing by telephone or electronic contact.

*California disciplinary proceedings*

Following Stuart's conviction, the California Bar initiated a hearing before the State Bar Court recommending that he be disciplined pursuant to California Business and Professional Code § 6101(a) (West 1996) (providing that conviction of a misdemeanor that involves moral turpitude is cause for disbarment or suspension). Despite some initial limited participation in the discipline process, Stuart failed to file a response to the notice of hearing that he was sent and a default was entered against him. Because Stuart failed to file a response and failed to have the default set aside, the facts alleged in the petition were deemed

14-32074

admitted, *see* State Bar of California Rule 5.82(2) (2011), resulting in the California Bar later filing a petition to have him disbarred.[1] *See* State Bar of California Rules 5.83(C)(1) and 5.85(A) (2011) (requiring California bar counsel to file a petition for disbarment if an attorney fails, within 180 days, to have a default entered in a disciplinary proceeding set aside or vacated).

The admitted facts demonstrate that Stuart was convicted of 17 counts of harassment because he initiated or sent approximately 21 telephone calls or e-mails to his ex-wife that were threatening and intended to harass or frighten her. While the State Bar Court found that repeated harassing by telephone or e-mail does not always involve conduct warranting discipline, it concluded that Stuart's harassment of his ex-wife did involve moral turpitude, and thus, warranted discipline. It further determined that because Stuart failed to have the default entered against him set aside, disbarment was warranted under State Bar of California Rule 5.85. Following the State Bar Court's entry of an order recommending that Stuart be disbarred, the California Supreme Court entered an order disbarring him from practicing law in California.

*Nevada disciplinary proceedings*

Before receiving the notice of disbarment, the Nevada Office of Bar Counsel filed a petition in this court under SCR 111(4) based on Stuart's California convictions, which was docketed as Docket No. 60061. Because this court's initial review of that matter indicated that Stuart's

---

[1]The State Bar Court order recommending that Stuart be disbarred notes that, shortly after default was entered, Stuart made two calls to the State Bar stating his intent to challenge the default and submitted a pleading entitled "Opposition" to the State Bar, which contained no proof of service and was not filed with the State Bar Court. Stuart, however, never filed a request to have the default entered against him set aside.

convictions did not appear to meet the definition of serious crime set forth in SCR 111(6), but were not for minor offenses and adversely reflected on his fitness to practice law, he was directed to show cause why he should not be temporarily suspended and referred for discipline in accordance with SCR 111(9). *See In re Discipline of Stuart,* Docket No. 60061 (Order to Show Cause, October 18, 2012). Stuart did not respond to the show cause order, however, and this court ordered him temporarily suspended and referred him to the Southern Nevada Disciplinary Board for further proceedings based on the California convictions and his failure to respond to the show cause order. *See id.* (Order of Temporary Suspension, June 21, 2013).

Following Stuart's California disbarment, Nevada bar counsel filed this petition for reciprocal discipline, noting that Stuart's conviction violated SCR 111 (regarding attorneys convicted of crimes) and RPC 8.4(b) (providing that a criminal act that adversely reflects on an attorney's fitness as a lawyer is professional misconduct). The petition correctly notes that the California State Bar Court order recommending Stuart's disbarment identifies no aggravating factors and indicates that Stuart had no record of prior discipline. Stuart did not file a response to the petition and the time to do so has passed.[2] *See* SCR 114(3) (allowing an attorney 15 days to file a response to a petition for reciprocal discipline).

SCR 114 mandates the imposition of identical reciprocal discipline unless one of four exceptions applies. We conclude that one of the four exceptions exists in this matter, specifically, that the misconduct warrants different discipline in this state. SCR 114(4)(c). In particular,

---

[2]All orders and other documents mailed to Stuart by this court in both this matter and the related proceeding in Docket No. 60061 have been returned to this court.

we conclude that disbarment is not warranted because disbarment in Nevada is not equivalent to the disbarment imposed on Stuart in California, as disbarment in Nevada is irrevocable while in California an attorney may seek reinstatement after five years. *See* SCR 102(1); California Rules of Procedure of State Bar, Rule 5.442(B).

Accordingly, we grant the petition for reciprocal discipline, but instead impose discipline in Nevada that is equivalent to the disbarment discipline imposed in California. Therefore, Stuart is hereby suspended from the practice of law for five years. Stuart must petition this court for reinstatement pursuant to SCR 116. Stuart shall comply with SCR 115 and the State Bar of Nevada shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                            Hardesty

_____, J.          _____, J.
Parraguirre                                        Douglas

_____, J.          _____, J.
Cherry                                              Saitta

cc:    David A. Clark, Bar Counsel
        Colbern Cox Stuart, III
        Jeffery R. Albregts
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, United States Supreme Court